UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DANNY W. DRIGGERS | CIVIL ACTION NO. : 06-0888 |
| VERSUS | JUDGE HICKS |
| BELLSOUTH CORPORATION | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

This matter is before the Court on a motion for decision on the administrative record. [Doc. No. 14] Plaintiff, Danny Driggers ("Driggers"), filed the present suit against Defendant, Bellsouth Corporation ("Bellsouth"), seeking short-term disability benefits pursuant to an employee welfare benefit plan. For the reasons which follow, the motion for decision on the administrative record is **GRANTED**, and all of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

## FACTUAL BACKGROUND

### A.  BellSouth's ERISA Plan.

Plaintiff Danny Driggers is a former employee of BellSouth Telecommunications, Inc and participated in the BellSouth Short Term Disability Plan (hereafter, "the Plan"). The Plan provides up to 52 weeks of disability benefits to Plan participants who meet the definition of disability under the Plan. [Rec. Doc. 13, ¶ 1] The Plan is an employee welfare benefit plan regulated by the federal Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (hereafter "ERISA"). [Id. at ¶ 2]. The Plan Document is attached to Document No. 13 and is numbered BLS 0256 through BLS 0272. The Summary Plan

Description is also attached to Document No. 13 and is numbered BLS 0273 through BLS 0287.

Defendant BellSouth is the Plan Administrator as that term is used by ERISA. [Id. at ¶ 3]. The Plan Document confers on the BellSouth Telecommunications Employees' Benefit Claim Review Committee ("the Committee") the "complete discretionary authority to determine Benefits and to interpret the terms and provisions of the Plan." [Id. at ¶ 4, BLS 0267]. The Committee in turn delegated its discretionary authority to Aetna Life Insurance Company, which at all times relevant to this lawsuit was known as Broadspire Services, Inc. ("Broadspire"). [Id. at ¶ 5, BLS 0282].

Under the Plan, a person is eligible for benefits if he becomes "disabled" while a participant and satisfies all other terms and conditions of the Plan. [Id., BLS 261 at §4.1]. In turn, the Plan provides:

> "Disability" is a medical condition which makes a Participant *unable to perform any type of work* as a result of a physical or mental illness or accidental injury. *"Any type of work" includes the Participant's regular job with or without accommodations,* any other Participating Company job (regardless of availability) with or without accommodations, or temporary modified duties. "A Participating Company job" is any job within a Participating Company; *or any job* outside a Participating Company *which is comparable in skills and functions*. A Participant subject to a Disability is referred to as being "Disabled."

[Id., BLS 260; emphasis added]. Accordingly, under the Plan, a person is disabled if he is unable to perform his regular job, with or without accommodations, or any job which is comparable in skills and functions.

**B.     Driggers' Claim Pursuant to the Plan.**

On January 14, 2004, Driggers became absent from work because of illness and submitted a claim for benefits under the Plan. [Id. at ¶ 6]. That claim was approved from January 21, 2004 through and including June 9, 2004, and then again from November 4, 2004 through November 10, 2004. During that time, Driggers received in patient treatment after presenting symptoms of depressive symptomatology, suicidal ideations, and hypertension. [Id.] Broadspire denied Driggers' claim for benefits during the remainder of the 52-week period for which benefits could be awarded under the Plan. [Id.].

Driggers appealed from that denial and the final denial of that appeal was issued by letter dated January 24, 2005. [Id. at ¶ 7]. Having exhausted his administrative remedies under the Plan, Driggers filed this lawsuit. [Id.] The administrative record developed by Broadspire is composed of those documents attached to Document No. 13 and numbered BLS 0001 through BLS 0232.

## LAW AND ANALYSIS

**A.     Standard of Review Under ERISA**

It is well settled that the standard of review in an ERISA case is governed by the language of the plan at issue. If that plan grants the administrator discretionary authority to determine eligibility for benefits or construe the terms of the plan, then the court must use an "abuse of discretion" standard of review. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S. Ct. 948; Duhon v. Texaco Inc., 15 F.3d 1302 (5th Cir. 1994); Wildbur v. ARCO Chemical Co., 974 F.2d 631 (5th Cir. 1992). Here, the Plan grants the Committee, and in turn Broadspire, "complete discretionary authority to determine Benefits and to

interpret the terms and provisions of the Plan." [Id. at ¶4]. Accordingly, the "abuse of discretion" standard applies.

In applying the abuse of discretion standard, the Court should analyze whether the administrator acted arbitrarily or capriciously. See Meditrust Financial Services, Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 214 (5th Cir. 1999)(*quoting* Sweatman v. Commercial Union Ins., Co., 39 F.3d 594, 601 (5th Cir. 1994)). When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, an administrator's decision should be affirmed if it is supported by substantial evidence. See Meditrust Financial Services, Corp., 168 F.3d at 215.

A decision is arbitrary only if "made without a rational connection between the known facts and the decision or between the found facts and the evidence." Id. (*quoting* Bellaire Gen. Hosp. v. Blue Cross Blue Shield, 97 F.3d 822, 828-29 (5th Cir. 1994)). The Court's review of the administrator's decision "need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness–even if on the low end." Vega v. National Life Ins. Services, Inc., 188 F.3d 287, 297 (5th Cir. 1999).

Courts apply a sliding scale to the abuse of discretion standard where it is determined that the administrator acted under a conflict of interest. Lain v. UNUM Life Ins. Co. of America, 279 F.3d 337, 343 (5th Cir. 2002). "'The greater the evidence of conflict on the part of the administrator, the less deferential our abuse of discretion standard will be.' When a minimal basis for a conflict is established, we review the decision with 'only a *modicum less* deference than we would otherwise.'" Id. (*quoting* Vega, 188 F.3d at 299)(emphasis in original).

### B. The Plan Administrator's Determination in Light of the Administrative Record

In evaluating whether a plan administrator abused its discretion in making a factual determination, a district court may only consider the evidence that was available to the administrator at the time of his decision. See Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 102 (5t Cir. 1993). See also Meditrust Financial Services, Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 214 (5th Cir. 1999). Evidence which was not a part of the administrative record cannot be admitted in the district court to resolve a factual issue which the administrator relied upon when resolving the merits of the claim. See Vega v. National Life Ins. Serv., Inc., 188 F.3d 287, 289 (5th Cir. 1999). As the Fifth Circuit clarified:

> As a result, a district court must inquire only whether the "record adequately supports the administrator's decision."; from that inquiry it can conclude that the administrator abused its discretion if the administrator denied the claim "[w]ithout some concrete evidence in the administrative record."

Gooden v. Provident Life & Acc. Ins. Co., 250 F.3d, 329, 333 (5th Cir. 2001)(*quoting* Vega, 188 F.3d at 298, 302).

Driggers received short-term disability benefits from January 21 through June 9, 2004. Broadspire's decision that Driggers was not "disabled" (as that term was defined by the Plan) beyond June 9 was a factual determination. Meditrust Financial Services, *supra*. According to the correspondence notes contained in the Administrative Record, Broadspire was notified by Gail Rucker, a Licensed Professional Counselor and Therapist, on May 27,

2004 that Driggers could return to work but only at a new job site.[1]  Rocker further stated that she would defer to Driggers' psychiatrist, Kathryn Kennedy, for a clinical update.  [Id., BLS 035].  Broadspire's communication notes reflect its attempts to secure additional information from Dr. Kennedy. [Id., BLS 036-038].  However, Broadspire never did receive any clinical information to support benefits past June 9, 2004. [Id., BLS 039].

By correspondence dated June 4, 2004, Broadspire notified Driggers that "effective 6/10/04 the medical evidence submitted does not support disability from any type work, including modified duties."  [Id., BLS 231].  That factual determination was supported by the following concrete evidence contained in the administrative record at that time:

- the telephone communication from Gail Rucker on May 27, 2004 which indicated that Driggers could return to work but only at a new job site;

- the absence of updated clinical information to support benefits beyond June 9, 2004.

Accordingly, the Court finds that there was a "rational connection" between the known facts and the decision, and that Broadspire's determination was reasonable.

Driggers appealed from that denial and the final denial of his appeal was issued by letter dated January 24, 2005.  [Id. at ¶ 7; BLS 161-162].  Broadspire upheld the denial of benefits.  The decision to uphold the denial of benefits is supported by the following additional concrete evidence contained in the administrative record:

- Dr. Mark Vigen's July 12, 2004 opinion that Driggers could return to work but only after some mediation and/or conflict

---

[1] On June 7, 2004, Rocker faxed Broadspire a copy of her progress note to Dr. Kennedy, which also stated Rocker's opinion that Driggers would not be able to return to work *at Bell South*. [Id., BLS 105, 110, (emphasis added)].

> resolution between him and the management staff has occurred [Id., BLS 113];
>
> - General Peer Review by Psychologist Lawrence Bernstein, Ph.D, dated August 2, 2004 which stated there were no indications of impairments that would preclude Driggers from being able to perform work, from a psychological perspective, from 6/10/04 onward. [Id., BLS 120].
>
> - Gail Rucker's letter dated August 30, 2004 which opined that Driggers did not meet Broadspire's definition of disability [Id., BLS 129].[2]

Accordingly, the Court again finds that there was a "rational connection" between the available information and Broadspire's decision, and that its determination was reasonable.

Applying the standards discussed above to the administrative record, the Court concludes that Broadspire did not abuse its discretion in denying Driggers' claim beyond June 9, 2004. Broadspire's determination is consistent with a correct interpretation of the Plan and a reasonable determination of the facts based on the administrative record. The jurisprudence is clear that an administrator does not abuse its discretion by denying a claim based upon an independent examination which disagrees with the plaintiff's physicians. See Black and Decker Disability Plan v, Nord, 538 U.S. 822, 123 S.Ct. 1965 (2003); Meditrust Financial Services Corp. v. The Sterling Chemicals, Inc., 168 F.3d 211, 215 n.7 (5th Cir. 1999); Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 603 (5th Cir. 1994). See also Alcorn v. The Sterling Chemicals, Inc., 991 F. Supp. 609, 616-17 (S.D. Texas)(*citing cases*). Accordingly, the Court finds that Broadspire did not abuse its discretion in denying Driggers' claim for short-term disability benefits beyond June 9, 2004.

---

[2] Additional medical information which Broadspire considered is detailed in its January 24 correspondence. See Doc. No. 13, BLS 161.

**CONCLUSION**

For the foregoing reasons, the motion for trial on the stipulated record [Doc. No. 14] is **GRANTED**, and all of plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this  31st day of January, 2008.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE